**NOT FOR PUBLICATION**

**FILED**

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA MARINA ARDON-MELGAR, AKA Carla Castro-Torres, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-72303 <br><br> Agency No. A076-256-725 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Rosa Marina Ardon-Melgar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Ardon-Melgar's motion to reopen as untimely, where she filed the motion more than 15 years after the filing deadline, and did not demonstrate the due diligence necessary to warrant equitable tolling of the deadline. *See* 8 C.F.R. § 1003.23(b)(1); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances). We reject Ardon-Melgar's contention that the BIA ignored relevant evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We lack jurisdiction to review the agency's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court's jurisdiction to review BIA decisions denying sua sponte reopening is limited to reviewing the reasoning behind the decisions for legal or constitutional

error). Ardon-Melgar's contentions that the BIA's sua sponte determination was premised on legal errors is not supported by the record. *Id.*

Because the timeliness determination is dispositive, we do not reach Ardon-Melgar's remaining contentions regarding the alleged ineffectiveness of prior counsel. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**